UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUNDRIA ARLANDSON, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HARTZ MOUNTAIN CORPORATION, SERGEANT'S PET CARE PRODUCTS, INC., and SUMMIT VETPHARM, LLC,<br><br>　　　　Defendants. | Civ. No. 10-1050<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　This matter comes before the Court on Defendant Hartz Mountain Corporation's ("Hartz") motion for reconsideration of the Court's May 26, 2011 Opinion and Order (Docket Entry Nos. 77, 78) pursuant to Local Civil Rule 7.1(i).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's motion to for reconsideration is **DENIED**.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　Plaintiffs filed a Consolidate Amended Complaint ("Complaint") in May 2010, bringing a putative class action on behalf of themselves and other purchasers and users of "spot on" flea and tick treatments manufactured by Defendants Hartz, Sergeant's, and

1

Summit. Defendants all manufacture "spot on" flea and tick control products ("Products") that are sold over the counter and contain Pyrethrin or Pyrethrin derivatives. (Compl. ¶ 177.) "Spot on" flea and tick treatments are ones that are applied directly to one or more localized areas on the body of the pet. (Compl. ¶ 185.) Plaintiffs allege that Defendants' Products are unsafe because they sickened and, in some cases, killed their pets. (Compl. ¶ 2.)

Defendants all filed motions to dismiss Plaintiffs' Complaint, and on May 26, 2011, this Court issued an Opinion ("Opinion") and an Order, granting in part and denying in part Defendants' motions to dismiss.[1] The Opinion included this Court's ruling that the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136-136y, ("FIFRA") does not preempt the allegations of the Complaint. In response, on June 9, 2011, Defendant Hartz filed the instant motion for reconsideration, requesting that the Opinion and Order be modified to dismiss the entire Complaint as preempted by FIFRA.

## II.   DISCUSSION

### A.   Standard of Review

---

[1] In addition to this action, multiple putative class actions have been filed against various other "spot on" flea and tick treatment manufacturers in this Court. On May 26, 2011, this Court also issued parallel opinions on the motions to dismiss in the following pending flea and tick treatment cases: *Smith v. Merial*, Civ. No. 10-439; *McDonough v. Bayer Healthcare,* Civ. No. 10-442; *Snyder v. Farnam Companies*, Civ. No. 10-1391; *Johansson v. Central Garden and Pet Company*, Civ. No. 10-6372.

A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." (citing *Bermingham v. Sony Corp.*, 820 F. Supp. 834, 859 n. 8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994))). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### B. Preemption Under FIFRA

Hartz requests that the Court reconsider its ruling regarding FIFRA preemption of Plaintiffs' claims, arguing that the Court overlooked certain authorities, and that therefore reconsideration is necessary to correct errors of law and to prevent manifest injustice. Specifically, Defendant points to this Court's reliance on the Third Circuit's decision in

3

*Indian Brand Farms, Inc. v. Novartis Crop Prot., Inc.*, 617 F.3d 207, 217 (3d Cir. 2010), which Defendant claims is distinguishable in certain respects. *Indian Brand Farms* dealt with a pesticide that was regulated by FIFRA's general misbranding provision, which provides general required information that must be included on labels of pesticides. 7 U.S.C. § 136(q). Defendant states that here, the facts are distinguishable, as the United States Environmental Protection Agency ("EPA") has "further refined" FIFRA's general provisions as applied to Hartz's Products. Since the scope of FIFRA labeling requirements affecting Hartz's Products are more extensive and more detailed than those at issue in *Indian Brand Farms*, Defendant asserts that these requirements preempt Plaintiffs' claims notwithstanding *Indian Brand Farms* holding. Finally, Defendant further argues that the Court's reliance on *Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483, 490 (3d Cir. 2006), for the premise that FIFRA does not preempt claims based on breach of express warranty, was also misguided because *Mortellite* did not apply to alleged express warranties made up entirely of EPA-mandated language.

First, as to this Court's reliance on *Mortellite*, the Court sees no reason to reconsider its ruling. Defendant's argument regarding whether EPA-mandated language may constitute an express warranty is specifically addressed by the Supreme Court in *Bates v. Dow Agrosciences L.L.C.*, 544 U.S. 431 (2005). In *Bates*, the express warranty at issue was located on the label itself. 544 U.S. at 444. Notwithstanding the location of the warranty, the Supreme Court ruled that because a breach of express warranty claim "asks only that a manufacturer make good on the contractual commitment that it

4

voluntarily undertook by placing that warranty on its product," it does not impose a "labeling or packaging" requirement. *Id.* at 444-45. Furthermore, to the extent Defendant is arguing that the language alleged to be the express warranty in question was entirely mandatory and imposed by the EPA, the Court agrees that in such a scenario the express warranty claim likely would be preempted. *See Ackerman v. Coca-Cola Co.*, Civ. No. 09-395, 2010 U.S. Dist. LEXIS 73156, at *24 (E.D.N.Y. July 21, 2010) ("a breach of warranty claim premised on a statement that is mandated by federal statute would clearly impose a requirement contrary to federal law"). However, the Opinion dismissed Plaintiff's express warranty claims without prejudice, finding that they were not adequately pleaded. (Opinion at 26.) As such, while Defendant is free to address this issue as to the express warranty claims in Plaintiffs' Amended Complaint, reconsideration of the Court's Opinion addressing Plaintiff's Complaint is not necessary.

Hartz's additional and central argument on reconsideration is that the Court improperly applied the Third Circuit's holding in *Indian Brand Farms*. Specifically, Defendant points to a portion of the Third Circuit's ruling that addresses situations where EPA requirements more specific than those in the general misbranding provision are affected by the state law claims. *See Indian Brand Farms*, 617 F.3d at 221-25. However, like Defendant's argument regarding the application of *Mortellite*, Defendant's argument here is also inapplicable to the issues that were in front of the Court on Defendant's motion to dismiss.

5

The portion of *Indian Brand Farms* cited by Defendant discusses the plaintiffs' failure-to-warn claim under the New Jersey Products Liability Act ("NJPLA"). *See* N.J. Stat. Ann § 2A:58C-2. While this Court did determine that Plaintiffs' claims here were preempted by the NJPLA insofar as they were brought on behalf of New Jersey Plaintiffs, no actual NJPLA claims were pleaded in Plaintiffs' Complaint. (Opinion at 16-19.) Plaintiffs were given leave to amend their complaint to include claims on behalf of New Jersey Plaintiffs under the NJPLA, and Defendant may make this argument as it relates to the failure-to-warn claim included in Plaintiffs' recently filed Amended Complaint. (*See* Am. Compl. ¶ 292.) However, while *Indian Brand Farms*, and *Bates* for that matter, require that courts look to "whether the failure-to-warn claim was 'not equivalent to FIFRA's misbranding standards,'" and further "whether there are 'any EPA regulations that further refine those general standards in any way that is relevant to petitioners' allegations,'" there was no failure to warn claim at issue here. *Indian Brand Farms,* 617 F.3d at 222 (quoting *Bates*, 544 U.S. at 453 n.27.) Instead, this Court relied on *Indian Brand Farms* in analyzing Plaintiffs' New Jersey Consumer Fraud Act ("NJCFA") claim, and found that like in *Indian Brand Farms*, Plaintiffs' NJCFA allegations here as pleaded "are not based on statements made on the product's label." (Opinion at 21.) This ruling had nothing to do with whether the NJPLA's "failure-to-warn" provisions are "equivalent to FIFRA's misbranding standards," but instead was based on the finding that Plaintiffs' NJCFA claim as alleged did not address the labeling at all. Therefore, while Defendant's arguments regarding the relevancy of the EPA's Office of Pesticide Programs Label

6

Review Manual (and any other sources that may "further refine" FIFRA's general misbranding provisions as applied to Hartz's Products) may be relevant as to a failure-to-warn claim, they were not relevant as to this Court's ruling on Plaintiff's NJCFA claim. In sum, Defendant has failed to identify any clear error of law or fact in this Court's Opinion, or any threat of manifest injustice, and as such reconsideration of the Opinion is not necessary.

### III. CONCLUSION

For the foregoing reasons, Defendant Hartz's motion for reconsideration is **DENIED**. An Order follows this Opinion.

 s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 23, 2011**